13-2566-cr
*United States v. Nicastro*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand fourteen.

Present:
　　　　ROBERT A. KATZMANN,
　　　　　　　*Chief Judge*,
　　　　PIERRE N. LEVAL,
　　　　PETER W. HALL,
　　　　　　　*Circuit Judge*s.

---

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　　　　　v.　　　　　　　　　　　　　　　　No.13-2566-cr[*]

CROSS NICASTRO, AKA SEALED DEFENDANT #3,

　　　　*Defendant-Appellant*,

JULIUS DESIMONE, AKA SEALED DEFENDANT #1, DONALD TORRIERO, AKA SEALED DEFENDANT #2, MAZZA & SONS, INC., AKA SEALED DEFENDANT #5, DOMINICK MAZZA, AKA SEALED DEFENDANT #4,

---

[*] This appeal was consolidated with lead case *United States v. Mazza*, No. 13-2540 and *United States v. Mazza & Sons, Inc.*, No. 13-2710. We resolve those appeals in a separate summary order filed concurrently. This summary order addresses only the Defendant-Appellant Cross Nicastro.

*Defendants.*

_____

For Defendant-Appellant:  ANGELO MUSITANO, Law Office of John J. Molloy, Niagara Falls, NY

For Appellee:  THEKLA HANSEN-YOUNG (Allen M. Brabender and Todd W. Gleason, *on the brief*), *for* Sam Hirsch, Acting Assistant Attorney General, Washington, DC

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Cross Nicastro appeals from a June 18, 2013 judgment of conviction entered by the United States District Court for the Northern District of New York (Hurd, *J.*), which followed from an October 16, 2012 jury verdict finding Nicastro guilty of one count of conspiracy in violation of 18 U.S.C. § 371. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, Nicastro argues that there was insufficient evidence of his knowledge of the conspiracy for a jury to find guilt. We disagree. "A defendant who challenges the sufficiency of evidence bears a heavy burden. . . . We must credit every inference that the jury may have drawn in favor of the government. The jury's verdict must be sustained, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gore*, 154 F.3d 34, 39–40 (2d Cir. 1998) (internal quotation marks, citations, and emphasis omitted).

The essential elements of a criminal conspiracy are: "(1) that the defendant agreed with at least one other person to commit an offense; (2) [that] the defendant knowingly participated in

2

the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and (3) that during the existence of the conspiracy, at least one of the overt acts set forth in the indictment was committed by one or more of the members of the conspiracy . . . ." *United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (per curiam). Nicastro concedes that the jury heard sufficient evidence of the first and third elements but contests the sufficiency of the evidence of his knowledge and intent.

We have no difficulty concluding that there was sufficient evidence of Nicastro's intent to commit two objects of the conspiracy count in the indictment: (i) impeding the U.S. Environmental Protection Agency and Army Corps of Engineers from enforcing environmental laws and (ii) violating the Clean Water Act, 33 U.S.C. §§ 1311(a), 1319(c)(1), 1319(c)(2)(A), 1342, and 1344. The government did not need to prove that Nicastro knew that filling his wetlands violated a specific provision of the Clean Water Act, only such filling was illegal and that Nicastro intended to fill the wetlands. *See Salameh*, 152 F.3d at 147–48 (government must prove that defendant agreed to the "essential nature of the plan").

The jury heard ample evidence of his intent, including: (i) Nicastro's grand jury testimony that he wanted the soggy areas of his property to be more usable, that he signed a contract with his co-conspirators that included payment to Nicastro of one dollar per ton of fill, and that the fill site had no permit and lacked fencing, liners, monitors, or other indicia of a legal landfill; (ii) the testimony of Christopher Nicastro, Nicastro's neighbor and cousin, that Nicastro's property abutted the Mohawk River and that Nicastro intended to fill the property's wetlands so that he could build a restaurant overlooking the river; (iii) the testimony of co-defendant Julius DeSimone that Nicastro was usually present at the property and gave a tour of it to the co-conspirators, directing them to fill the wetlands up to within "about twenty feet or so"

3

of the river, Appellee's Supplemental App. at 178; and (iv) the testimony of George Luther that the benefit Nicastro received from the agreement was that he "was getting the wet areas filled in and it was being clear right to the river," *id.* at 217. From this evidence, a jury could find beyond a reasonable doubt that Nicastro joined the conspiracy with a specific intent to fill his wetlands.

Second, Nicastro argues that he deserves a new trial because of prosecutorial misconduct, *Brady* violations, and newly discovered evidence. Nicastro seeks to incorporate the arguments made by Dominick Mazza and Mazza & Sons, Inc. in their appeals, but the *Brady* and newly discovered evidence arguments apply only to counts on which Nicastro was not indicted and the alleged prosecutorial misconduct consists of statements directed at the other defendants. Nicastro's opening brief fails to adequately explain why these arguments apply to his case, so we decline to address them. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered Nicastro's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4